UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANIS GARCIA GUZMAN,

                              Plaintiff,

-against-

CORRECTIONAL OFFICER A. FIGUEROA;
CORRECTIONAL OFFICER R. SIMINELLI;
CORRECTIONAL OFFICER GEORGE;
STATE OF NEW YORK,

                              Defendant).

**ORDER OF SERVICE**

No. 23-CV-7192 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

       Plaintiff, who is incarcerated at Fishkill Correctional Facility, brings this *pro se* action, under 42 U.S.C. § 1983, alleging that multiple correction officers assaulted him. By order dated September 7, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set forth in this order, the Court dismisses Plaintiff's claims against the State of New York, orders service on Defendants Officers Figueroa and Siminelli, and directs the New York State Attorney General to fully identify Officer George, who is also named as a defendant in the complaint, and all other correction officers involved in the incident.

**STANDARD OF REVIEW**

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.  The State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

B.  Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Officers Figueroa and Siminelli through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.   *Valentin* Order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to fully identify Officer George and the other unidentified correction officers who were allegedly involved in the assault on Plaintiff on August 28, 2021 at Fishkill. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the DOCCS, must ascertain the identities and badge numbers of Officer George and the other unidentified correction officers and the addresses where these defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

The Court will deem the complaint amended once the full names of Officer George and any other identified correction officers are identified. If identified, the Court will issue a subsequent order of service directing the Clerk of Court to complete the USM-285 form with the address for the newly named Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

D.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to those standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York as barred by the Eleventh Amendment. 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to issues summonses for Defendants Figueroa and Siminelli, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York State Attorney General at: New York State Attorney General's Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

The Clerk of Court is further directed to mail Plaintiff an information package.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
         March 6, 2024

PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer A. Figueroa
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307

2. Officer R. Siminelli
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508-0307