UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANIS GARCIA GUZMAN,

                    Plaintiff,

-against-

CORRECTIONAL OFFICER A. FIGUEROA;
CORRECTIONAL OFFICER R. SIMINELLI;
CORRECTIONAL OFFICER GEORGE;
STATE OF NEW YORK,

                    Defendant).

**ORDER OF SERVICE**

No. 23-CV-7192 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      On March 6, 2024, the Court issued an order, *inter alia*, directing service on Defendants Officers Figueroa and Siminelli, and directs the New York State Attorney General ("NYAG") to fully identify Officer George, who is also named as a defendant in the complaint, and all other correction officers involved in the incident. (Doc. 6). On May 6, 2024, the NYAG filed a letter providing information to aid in identification of these defendants and advising that it was unable to identify Officer George and the other correction officers involved in the incident whom Plaintiff seeks to sue. (Doc. 9). On May 7, 2024, the Court directed Plaintiff to, by May 24, 2024: (1) review the May 6, 2024 letter to determine whether he can identify the officers he seeks to sue; and (2) file a letter providing any additional information to aid in identifying Officer George and the John/Jane Does he seeks to sue. (Doc. 10). On June 6, 2024, the Court *sua sponte* extended Plaintiff's time to comply with that order to June 21, 2024. (Doc. 11). On June 25, 2024, the NYAF advised that Plaintiff was transferred to Cayuga Correctional Facility and as such may not have received the Court's prior orders. (Doc. 12). The Court, accordingly, extended the time for Plaintiff to comply with those prior orders by July 12, 2024 and reminded Plaintiff that it is his responsibility to notify the Court if his address changes and the Court may dismiss this action if

he fails to do so. (Doc. 13). The Court subsequently directed the Clerk of Court to mail copies of its prior orders to Plaintiff at his new address and *sua sponte* extended the time for Plaintiff to comply to August 6, 2024. (Doc. 15). On September 17, 2024, the NYAG filed a letter advising that Plaintiff provided it with additional information to aid in identifying Officer George, and based on that information and its continued investigation, the NYAG determined that it appears that the "Officer George" Plaintiff intends to sue is Correction Officer Daryn George. (Doc. 16).

Accordingly, the Court deems the complaint amended to substitute defendant "Officer George" with the newly identified individual, "Correction Officer Daryn George."

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Officer Daryn George through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[1] The time to serve Defendant Officer Daryn George is extended until 90 days after the date a summons is issued.

Plaintiff is reminded that he must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Complaint is deemed amended to substitute defendant "Officer George" with the newly identified individual, "Correction Officer Daryn George."

The Clerk of Court is directed to issue a summons for Defendant Correction Officer Daryn George, complete the USM-285 form with the addresses for this defendant, and deliver all documents necessary to effect service on this defendant to the U.S. Marshals Service.

The Clerk of Court is further directed to mail Plaintiff an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
         September 18, 2024

PHILIP M. HALPERN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Correction Officer Daryn George
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508