UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANIS GARCIA-GUZMAN,

                                    Plaintiff,

                    -against-

A. FIGUEROA, et al.,

                                    Defendants.

**OPINION & ORDER**

23-CV-07192 (PMH)

---

Philip M. Halpern, United States District Judge:

Shanis Garcia-Guzman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Correction Officers A. Figueroa, R. Siminelli, and D. George ("Defendants"), alleging Defendants violated his constitutional rights while he was incarcerated at Fishkill Correctional Facility. (Doc. 19, "Am. Compl.").[1] Before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 31). Plaintiff did not file an opposition to Defendants' motion.[2]

---

[1] Citations to specific pages of the Amended Complaint and other filings on the docket correspond to the pagination generated by ECF.

[2] Defendants filed a pre-motion letter on May 21, 2025, indicating their intention to move to dismiss the Amended Complaint. (Doc. 28). On May 29, 2025, the Court granted Defendants leave to file a motion to dismiss the Amended Complaint. (Doc. 29). On June 10, 2025, the Court received a letter from Plaintiff, dated June 2, 2025, indicating that Plaintiff received Defendants' pre-motion letter and was scheduled to be released from prison on June 10, 2025. (Doc. 30). In accordance with the briefing schedule set by the Court, Defendants filed and served a motion to dismiss the Amended Complaint on July 8, 2025. (Docs. 31-32). Defendants served Plaintiff at his address listed on the docket. (*See* Doc. 32-1). On July 25, 2025, Defendants filed a letter indicating that the copy of their motion they mailed to Plaintiff was "returned to sender." (Doc. 33). Defendants subsequently obtained Plaintiff's new address and served their motion on Plaintiff at this new address on July 28, 2025. (Docs. 35-36). Plaintiff's opposition to Defendants' motion was due August 7, 2025. (Doc. 29). Plaintiff did not file an opposition to Defendants' motion by August 7, 2025. On August 20, 2025, the Court *sua sponte* extended Plaintiff's time to reply to Defendants' motion to dismiss to September 19, 2025, noting that it did not appear that the Court's May 29, 2025 order had been mailed to Plaintiff. (Doc. 37). The Court directed the Clerk of Court to mail a copy of the August 20, 2025 order to Plaintiff at his address listed on the docket and his address set forth in Defendants' July 28, 2025 affidavit of service. (*Id.*). The docket reflects that a copy of the Court's order granting this extension was mailed to Plaintiff at his address listed on the docket, (*see* August 21, 2025 Entry), but that mailing was

For the reasons stated herein, Defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

I.    Factual Allegations

The allegations in the Amended Complaint pertain to an August 28, 2021 incident at Fishkill Correctional Facility. (*See* Am. Compl.). Specifically, Plaintiff alleges that, after a feud with Defendants Figueroa and Siminelli, Defendant Siminelli pepper sprayed him, emptying both his and Defendant Figueroa's pepper spray canisters into Plaintiff's face. (*Id.* at 4). Defendant Siminelli then punched Plaintiff in the face, and Defendant Figueroa punched and kicked Plaintiff in the head and legs. (*Id.*). Defendant George and other unidentified correctional officers then pushed Plaintiff down the stairs and "assaulted [him] on each landing . . . ." (*Id.*). Plaintiff alleges that he was taken to the facility's medical center where his face was cleaned, but his wounds were not treated. (*Id.* at 5). As a result of Defendants' conduct, Plaintiff allegedly suffered injuries to his shoulder, left knee, neck, and back, for which Plaintiff received a "steroid shot in [his] back and full shoulder reconstruction." (*Id.*).

---

returned marked "Return to Sender Unable to Forward, Released." (*See* September 9, 2025 Entry). The docket does not reflect that the order was mailed to Plaintiff at his address set forth in Defendants' July 28, 2025 affidavit of service. Plaintiff did not file an opposition to Defendants' motion to dismiss by September 19, 2025. On September 29, 2025, the Court *sua sponte* extended Plaintiff's time to file an opposition to October 29, 2025, and provided that no further extensions would be granted. (Doc. 39). The Court directed the Clerk of Court to mail a copy of this order to Plaintiff at his address listed on the docket and his address set forth in Defendants' July 29, 2025 affidavit of service. (*Id.*). There is no indication on the docket that Plaintiff failed to receive the Court's September 29, 2025 order. Plaintiff never filed an opposition to Defendants' motion to dismiss. Thus, despite the prior returned mailings, Plaintiff was sent Defendants' motion papers, as well as several additional documents notifying him that Defendants had moved to dismiss the Amended Complaint. Accordingly, the Court deems the motion fully submitted and ripe for adjudication.

II.     Procedural History

Plaintiff commenced this action on August 3, 2023, when he signed his original Complaint. (Doc. 1, "Compl." at 6); *see also Walker v. Jastremski*, 430 F.3d 560, 561 (2d Cir. 2005) (explaining prison mailbox rule). Along with his Complaint, Plaintiff submitted an application to proceed without prepaying fees or costs, or *in forma pauperis* (Doc. 2), which the Court granted in an order dated September 7, 2023. (Doc. 4). On March 6, 2024, the Court issued an order of service, directing the U.S. Marshals Service to serve Defendants Figueroa and Siminelli on Plaintiff's behalf, and ordering the New York State Attorney General to ascertain the full name and badge number of "Officer George," who was named in the Complaint, within 60 days. (Doc. 6).[3]

On May 6, 2024, the New York State Office of the Attorney General filed a letter indicating that it could not identify "Officer George" with certainty, as there were two officers with the name George working at Fishkill Correctional Facility on the date of the incident alleged in the Complaint—Defendant Daryn George and another officer with the first name, "George." (Doc. 9).[4] The Court issued two orders directing Plaintiff to provide additional information to assist the Office of the Attorney General in identifying Officer George. (*See* Docs. 10, 11). Plaintiff did not respond to either order. On June 25, 2024, the Office of the Attorney General filed a letter, indicating that Plaintiff had been moved to a new correctional facility and, as a result, Plaintiff may not have received the Court's prior orders directing him to provide additional information to assist the Office of the Attorney General in identifying Officer George. (Doc. 12). On June 27, 2024, the Court received a letter from Plaintiff, dated May 24, 2024, requesting leave to amend his

---

[3] The Court, in this order, extended Plaintiff's time to serve until 90 days after the date summonses were issued. (*Id.* at 2 n.2). Summonses were issued for Defendants Figueroa and Siminelli on March 7, 2024. (Doc. 7).

[4] Plaintiff's original Complaint lists "George" as the last name of the Defendant. (*See* Compl. at 3).

Complaint because Plaintiff was, at that point, "able to identify the John Doe's [he] previously couldn't in his original complaint[.]" (Doc. 14). The Court construed Plaintiff's letter as a request for an extension of time to comply with the Court's prior orders and the Court granted Plaintiff's request. (Doc. 15).

On September 17, 2024, The Office of the Attorney General filed a letter, indicating that, on August 2, 2024, it received a letter from Plaintiff, dated July 28, 2024, which included sufficient information to identify Officer George, namely, a description of Officer George. (Doc. 16). The Office of the Attorney General identified Officer George as Officer Daryn George. (*Id.*). Accordingly, on September 18, 2024, the Court issued an order, deeming the Complaint amended to substitute defendant "Officer George" with "Correction Officer Daryn George" and directing the U.S. Marshals Service to serve Defendant George. (Doc. 17).[5]

Plaintiff filed the Amended Complaint on November 18, 2024. All three defendants were served with the Amended Complaint on March 31, 2025. (Docs. 22-24).

### STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is

---

[5] The Court, in this order, extended Plaintiff's time to serve Defendant George until 90 days after the date a summons was issued. (*Id.* at 2 n.1). A summons was issued for Defendant George on September 23, 2024. (Doc. 18).

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 371 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a

court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the claims challenged on this motion even without the benefit of formal opposition to the motion.

## **ANALYSIS**

I.      Statute of Limitations

Defendants contend that Plaintiff's claims under 42 U.S.C. § 1983 are time-barred by the applicable statute of limitations. (Doc. 32, "Def. Br." at 2, 10). Although statute of limitations is ordinarily asserted as an affirmative defense, the Second Circuit permits such defense to be raised on a Rule 12(b)(6) motion provided "the defense appears on the face of the complaint." *McKenna*

*v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *Dibenedetto v. Coley*, No. 22-CV-05926, 2024 WL 1216703, at \*4 (S.D.N.Y. Mar. 21, 2024) (granting a motion to dismiss and dismissing claims as time-barred).

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). That period, in New York, is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff's Section 1983 claims are not time-barred. Plaintiff's claims accrued on August 28, 2021, the date of the incident alleged in the Complaint and Amended Complaint. *See Hogan*, 738 F.3d at 518. The statute of limitations for Plaintiff's Section 1983 claim would have run on August 28, 2024, but Plaintiff commenced this action on August 3, 2023, well within the statute of limitations period. *See Mahon v. Namani*, No. 15-CV-02032, 2016 WL 6820739, at \*3 (S.D.N.Y. Nov. 10, 2016) ("The filing of a complaint tolls the statutes of limitation applicable to the claims alleged in the complaint.").

While it is true that, ordinarily, "failure to complete service of the summons within [90] days, [as] required by . . . Rule 4(m), ends the tolling period, and the statute of limitations once again begins to run," *id.*, "the statute of limitations for a *pro se* plaintiff's claim is tolled during the pendency of an accompanying motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, as well as the period of time necessary for the United States Marshal's Service to effectuate service if the motion is granted." *Pendleton v. Goord*, 849 F. Supp. 2d 324, 330 (E.D.N.Y. 2012); *see also Tobin v. Doe*, No. 03-CV-00952, 2007 WL 2688855, at \*3 (D. Conn. Sept. 13, 2007) ("Because an

7

inmate must rely on the court and the United States Marshal Service to effect service of the complaint, any delay attributed to the court or the Marshal Service tolls the statute of limitations."); *cf. Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996) ("By granting [plaintiff] leave to pursue his § 1983 claim *in forma pauperis*, Magistrate Smith shifted the responsibility for serving the complaint from [plaintiff] to the court."). Here, any delay in service was attributable to the Court and the Marshals, not Plaintiff, and, thus, the statute of limitations for Plaintiff's Section 1983 claims were tolled during the time it took the Marshals to effectuate service. *Accord Witchard v. Montefiore Med. Ctr.*, No. 05-CV-05957, 2009 WL 602884, at *5 (S.D.N.Y. Sept. 26, 2006) ("Plaintiff's filing of the Complaint" complied with the "statute of limitations, and her service of the Amended Complaint using the Marshals Service is deemed to have met the requirements of Rule 4(m). Thus, the [Defendant]'s argument that this action is time-barred is without merit.").

Defendants' sole argument with respect to the statute of limitations is that Defendants were not served within the time required by Federal Rule of Civil Procedure 4(m) and that Plaintiff fails to satisfy the standard for granting discretionary extensions of time to effectuate service in the absence of good cause. (*See* Def. Br. at 6 (citing *Smalls v. City of New York*, No. 15-CV-03017, 2019 WL 1243823, at *5 (E.D.N.Y. Mar. 18, 2019) (providing factors for "determining whether a discretionary extension" of the time to serve "is appropriate in the absence of good cause . . . .")). Defendants do not, however, move to dismiss for improper service under Federal Rule of Civil Procedure 12(b)(5). Even if Defendants had so moved, Plaintiff had good cause for his delay in serving Defendants.

Rule 4(m) provides that, "if the plaintiff shows good cause for the failure" to effectuate service within 90 days of filing a complaint, "the court must extend the time for service for an appropriate period." "So long as . . . a prisoner provides the information necessary to identify the

defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m)." *Sidney v. Wilson*, 228 F.R.D. 517, 523 (S.D.N.Y. 2005) (quoting *Ruddock v. Reno*, 104 F. App'x 204, 206-07 (2d Cir. 2004)) (second alteration in original). Plaintiff provided the information necessary to identify Defendants in his original Complaint.[6] The delayed service of Defendants by the Marshals does "not evidence dilatory behavior on the part of this *pro se* prisoner, proceeding *in forma pauperis.*" *Muhammad v. Coughlin*, No. 89-CV-05088, 1994 WL 68168, at *3 (S.D.N.Y. Mar. 1, 1994) (citing *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986)). Plaintiff, thus, had good cause for his failure to serve Defendants within the time period prescribed by Rule 4(m) and his time to effect service should be extended *nunc pro tunc* to March 31, 2025, the date the Marshals Service served Defendants. *See Witchard*, 2009 WL 602884, at *3-4 ("Under the circumstances, Plaintiff's time to effect service should be extended . . . *nunc pro tunc*, [to] the date by which the Marshals Service had served both Defendants.").

Accordingly, Defendants' motion to dismiss the Amended Complaint as time-barred is denied.

II.      Official Capacity Claims

Defendants also move to dismiss "Plaintiff's claims against Defendants in their official capacity" as barred by the Eleventh Amendment.

The Eleventh Amendment directs that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

---

[6] With respect to Defendant George, Plaintiff listed "George" as this Defendant's last name. (*See* Compl. at 3). Per the Office of the Attorney General's May 6, 2024 letter, there was only one correctional officer working at Fishkill Correctional Facility on August 28, 2021 with the last name "George"–Defendant George. (*See* Doc. 9). Plaintiff, thus, provided "the information necessary to identify" Defendant George. *See Sidney*, 228 F.R.D. at 523.

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This language bars suits, even those arising under federal law, against a state, or against a state employee acting in his or her official capacity, by one of its own citizens. *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office . . . . As such, it is no different from a suit against a State itself.").

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Nelkenbaum v. Jordy*, No. 19-CV-07953, 2020 WL 7630354, at *2 (S.D.N.Y. Dec. 22, 2020) (quoting *Gallomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)) (alteration in original). Furthermore, it is well-settled that "New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity." *Phillips v. New York*, No. 13-CV-00927, 2013 WL 5703629, at *3 (N.D.N.Y. Oct. 17, 2013) (citing *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013)).

Plaintiff does state whether his claims are brought against Defendants in their official or individual capacities. To the extent the Amended Complaint could be construed as asserting claims against Defendants in their official capacities, such claims are dismissed by operation of the Eleventh Amendment. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) ("[I]n many cases, a complaint against public officials will not clearly specify whether officials are sued personally, in their official capacity, or both . . . . It is therefore more appropriate for the

10

court to allow the case to proceed against the officials in their individual capacities, requiring, if appropriate, an amendment to provide greater notice to the defendants." (citation modified)). Plaintiff's case may proceed against Defendants in their individual capacities.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants' motion to dismiss is denied as to Plaintiff's Section 1983 claims but granted to the extent Plaintiff's claims are brought against Defendants in their official capacities.

Defendants are directed to file an answer to the Amended Complaint within 14 days of the date of this Order. The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 31.

**SO ORDERED.**

Dated:   White Plains, New York
         December 23, 2025

PHILIP M. HALPERN
United States District Judge

11